UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD ADAMS, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-237-JJB-EWD** |
| **UNITED RENTALS** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 8, 2016.

*/s/ Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

```
E. Adams - Certified Mail - 7013 2630 0001 8372 3651
J. Adams - Certified Mail - 7013 2630 0001 8732 3613
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDWARD ADAMS, JR., ET AL.**                     **CIVIL ACTION**

**VERSUS**                                        **NO. 16-237-JJB-EWD**

**UNITED RENTALS**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, Edward Adams, Jr. and Jennifer Adams, originally filed a Petition for Damages in the Nineteenth Judicial District Court, Parish of East Baton Rouge, alleging damages associated with an incident where Edward Adams, Jr. was electrocuted while working as a pipefitter for defendant Turner Industries at defendant Dow Chemical St. Charles Location's facility.[1]  Jennifer Adams asserts a loss of consortium claim related to the incident.[2]  By a First Supplemental and Amending Petition for Damages, Plaintiffs added claims against defendant United Rentals, Inc.  Plaintiffs subsequently voluntarily dismissed their claims against Dow Chemical St. Charles Location and Turner Industries.[3]  Defendant United Rentals then filed a Notice of Removal in this matter on April 14, 2016.[4]  The Court issued a Scheduling Conference Order on June 10, 2016 requiring the plaintiffs to prepare, sign and file the status report.[5]  A status report was submitted by United Rentals on July 12, 2016, indicating as follows:

> Counsel for Defendants attempted to schedule a conference with Plaintiffs' former attorneys, who have now all withdrawn from representation.  Counsel then sent these status report inserts directly to Plaintiffs, who remain unrepresented, via certified mail, attached as Exhibit 1.  Plaintiffs received the inserts, but did not respond.[6]

---

[1] R. Doc. 1-2.
[2] *Id.*
[3] R. Doc. 1-5.
[4] R. Doc. 1.
[5] R. Doc. 7.
[6] R. Doc. 14 at 1.

1

Exhibit 1 to the status report is correspondence from counsel for United Rentals to Plaintiffs transmitting United Rentals' inserts to the status report and requesting Plaintiffs' inserts.[7] Exhibit 1 also includes a certified mail return receipt, indicating that Plaintiffs received the correspondence and status report inserts from United Rentals.[8]

On July 26, 2016, the court held a telephone scheduling conference. Counsel for United Rentals participated in the conference and advised that she attempted to contact Plaintiffs at the telephone number listed on the docket for this case and it was no longer a valid number. Counsel for United Rentals also advised that she attempted to contact Plaintiffs' prior counsel to obtain updated contact information and they too had the telephone number that is listed on the docket for this case. Finally, the court also attempted to contact Plaintiffs at the number provided on the docket, but was unable to reach them.[9]

In light of Plaintiffs failure to appear for the scheduling conference and participate in the drafting of the status report, as ordered by the court, the court issued an Order to Show Cause on July 26, 2016[10] for plaintiffs to appear in court on August 12, 2016. The July 26, 2016 Order to Show Cause advised "**Failure to comply with this Order may result in dismissal of this proceeding without further notice**." (Emphasis in original)[11]

Due to the unprecedented flooding event in the Greater Baton Rouge area and the closure of the Middle District of Louisiana courthouse, on August 17, 2016, the court rescheduled the August 12 Show Cause Hearing to September 1, 2016.[12] The August 17, 2016 Order required

---

[7] R. Doc. 14-1.
[8] *Id.*
[9] R. Doc. 16.
[10] R. Doc. 17.
[11] *Id.*
[12] R. Doc. 20.

2

Plaintiffs to personally appear and show cause why the matter should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.[13]  The August 17, 2016 Order to Show Case was sent to Plaintiffs via certified mail return receipt requested.  Notice of Return Receipt[14] was filed into the record on August 24, 2016, indicating that Plaintiffs received the Show Cause Order[15] rescheduling hearing.  The plaintiffs did not appear at the Show Cause Hearing, nor did they contact the court to indicate they could not appear.[16]

## RECOMMENDATION

It is the recommendation of the undersigned that this matter be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with the court's orders.

The clerk's office is to serve this report and recommendation to the Plaintiffs, Edward Adams, Jr. and Jennifer Adams, via certified mail return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on September 8, 2016.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] *Id.*
[14] R. Doc. 21
[15] R. Doc. 20
[16] R. Doc. 22.

3